UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARK VARLEY, et al.,

    Plaintiffs,

v.

NICHOLAS EDWARY SARKY,

    Defendant.

Case No. 1:16-cv-1016

Black, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

On October 21, 2016, Plaintiffs Mark Varley and Myra Varley initiated this lawsuit by filing an application to proceed *in forma pauperis,* and tendering a complaint against an individual identified as Nicholas Edward Sarky. Pursuant to local practice, Plaintiffs' *pro se* complaint was referred to the undersigned for initial review. The undersigned now recommends that the complaint be DISMISSED based upon the Plaintiffs' failure to timely comply with the Court's November 2, 2016 Memorandum Order.

    **I.**     ***In Forma Pauperis* Application**

Although the Court "conditionally" granted Mark Varley's application to proceed *in forma pauperis*, or without payment of the requisite $400 filing fee, the Court directed co-plaintiff Myra Varley to co-sign that application and to provide additional information about her own assets. The Court also expressly reserved the right to reconsider the propriety of both named Plaintiffs continuing to proceed *in forma pauperis* based upon their response to the Court's November 2, 2016 Order.

Mrs. Varley has failed either to file a completed *in forma pauperis* application or

to provide any additional information concerning her assets. Because these married plaintiffs seek to jointly proceed *in forma pauperis*, it is unreasonable to permit Mark Varley to proceed as a co-plaintiff to the extent that his wife may have sufficient assets to pay the filing fee. Therefore, based upon the failure to comply with the November 2 Order by providing additional information to confirm the Plaintiffs' inability to pay the $400 filing fee or to give security for such costs, the undersigned now recommends that the prior conditional approval of Mark Varley's application to proceed *in forma pauperis* be revoked, and that the application of Myra Varley be denied. Consequently, the complaint should be dismissed for failure to pay the requisite filing fee.

## II. Alternative Bases for Dismissal – Rule 11 and Lack of Jurisdiction

Two additional grounds for dismissal exist. First, all claims by Myra Varley should be dismissed under Rule 11, Fed. R. Civ. P., based upon her failure to sign the complaint.

Second, claims by Mark Varley are subject to dismissal for lack of subject matter jurisdiction. Federal courts are courts of limited jurisdiction. Plaintiffs' complaint asserts the existence of jurisdiction based upon the "U.S. Government" being identified as a plaintiff. However, there is no question that the United States is not a party to this action. Therefore, while jurisdiction over Plaintiffs' tort claims may exist in state court, no federal court jurisdiction exists on the basis stated by Plaintiffs.

Based upon the allegations of the complaint, the only possible basis for federal jurisdiction is the diverse citizenship of the parties. Plaintiffs reside in Jackson, Wyoming, while Defendant allegedly resides in Cincinnati, Ohio. However, it is not clear

2

from the face of the complaint that diversity jurisdiction exists, based upon Mr. Varley's failure to plead the amount in controversy.

Mr. Varley alleges that on April 25, 2016 in Jackson, Wyoming, the Varleys were driving east through an intersection on a green light, when the Defendant turned in front of Mark Varley, running a red light in the process. Plaintiff states that both parties' cars were totaled and that he and his wife suffered "neck pain, arm pain and leg pain." (Doc. 1-1 at 3). Plaintiff does not allege in his complaint that either he or his wife required any medical treatment for that pain, or that they suffered any serious or lasting injury.

Although Mr. Varley was initially cited in the collision, he alleges that he subsequently discovered that the Defendant did not have a green light and was in fact at fault. Although Plaintiff succeeded in having the case against him dismissed by the state court, he alleges that "[t]he police refused to change their citation and [Defendant] has gotten away with causing our vehicle to be totaled and physical problems we suffer from." (*Id.*) Plaintiff seeks monetary compensation for the loss of his vehicle, identified as a 2002 Chevrolet Cavalier, plus towing charges and compensatory "physical damages to both my wife and myself."

Pursuant to 28 U.S.C. § 1332, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States." The Court pointed out in its November 2, 2016 Order that:

> The face of the complaint creates serious doubt as to whether diversity jurisdiction exists, due to the lack of specificity concerning the amount in controversy. Towing fees, the value of a 2002 Cavalier, and unspecified monetary damages for "pain" experienced in connection with the accident, do not give rise to an inference that would satisfy the minimum amount in controversy required for this Court to assume that jurisdiction exists.

3

(Doc. 2). The Court expressly warned both Plaintiffs that they were required to file an Amended Complaint to "more particularly identify the basis for this Court's jurisdiction, including the amount in controversy if diversity jurisdiction is asserted," and that they would be required to sign the complaint under Rule 11.

The Court further warned Plaintiffs that a failure to timely comply "with all provisions of this Memorandum Order" would result in a recommendation that their case be dismissed "for lack of jurisdiction." Plaintiffs have failed to file any timely response to the November 2, 2016 Memorandum Order.

### III. Conclusion and Recommendation

For the reasons stated, **IT IS RECOMMENDED THAT:**

1. Plaintiff Myra Varley's application to proceed *in forma pauperis* should be DENIED, and the conditional grant of Plaintiff Mark Varley's application to proceed in forma paupers should be REVOKED and DENIED;

2. Plaintiffs' complaint should be DISMISSED for failure to pay the requisite filing fee and failure to timely submit a properly completed application to proceed in forma pauperis showing that they are entitled to proceed without payment of fees;

3. In addition, Plaintiffs' complaint should be dismissed for lack of jurisdiction, and for failure to prosecute by timely complying with the Court's clear directive to identify the basis for jurisdiction.

 *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARK VARLEY, et al.,

      Plaintiffs,

  v.

NICHOLAS EDWARY SARKY,

      Defendant.

Case No. 1:16-cv-1016

Black, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).